Filed 3/9/23  P. v. Kittles CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DESHUN KITTLES,<br><br>       Defendant and Appellant. | A165979<br><br>(San Francisco City & County<br>       Super. Ct. Nos. CRI-15025600, SCN226942) |

Defendant Deshun Kittles was convicted of attempted murder and related offenses.  We previously affirmed his conviction but remanded to allow the trial court to exercise its sentencing discretion under newly amended Penal Code section 654 and to correct the abstract of judgment.[1]  On remand, the trial court struck the enhancement for a prior serious felony conviction, reducing his total sentence from 26 years to 21 years.

Defendant maintains the trial court abused its discretion when resentencing him by not choosing an offense other than attempted murder as the principal term in order to further reduce his term.  The parties agree the trial court did not correct the abstract of judgment.

---

[1] We take judicial notice of our opinion in *People v. Kittles* (Dec. 10, 2020, A154955) [nonpub. opn.] (*Kittles I*).  (Evid Code, § 452, subd. (a).)

1

We remand in order for the trial court to correct the abstract of judgment. In all other respects, we affirm the judgment.

**BACKGROUND**

We recount the procedural background set forth in our prior opinion to the extent necessary to address the issue on appeal.

"The San Francisco District Attorney charged defendant with attempted premeditated murder (Pen. Code, § 187, subd. (a), count 1),[2] assault with a firearm (§ 245, subd. (b), count 2), discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 3), possession of a firearm after being convicted of a felony (§ 29800, subd. (a)(1), count 4), possession of a firearm after being convicted of a violent felony (§ 29900, subd. (a)(1), count 5), and resisting a peace officer (§ 148, subd. (a)(1), count 6). As to enhancing allegations, the district attorney alleged personal discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d), count 1), personal use of a firearm and personally inflicting great bodily injury (§ 12022.5, subd. (a), 12022.7, subd. (a), counts 1, 2, 3), prior serious felony strike (§ 667, subds. (d), (e)), and prior prison terms for possession of a firearm by a felon and robbery (§ 667.5, subd. (b)). Count 4 and the prior prison term allegations were subsequently dismissed. The firearm enhancement as to count 3 was not submitted to the jury.

"The jury found the attempted murder was not willful, deliberate, or premeditated, and found defendant guilty of the remaining counts and enhancement allegations true. The trial court sentenced defendant to a total prison term of 26 years (imposing the midterm of seven years for attempted murder, doubled based on his previous strike, plus seven years for the

---

[2] "All further undesignated statutory references . . . are to the Penal Code."

2

personal use of a firearm and great bodily injury enhancement under §§ 12022.5, subd. (a) & 12022.7, subd. (a) and five years for the prior strike). The court dismissed the section 12022.53, subdivision (d) finding and stayed or ran concurrently the sentences on the remaining counts and allegations." (*Kittles I, supra,* A154955.)

In our first opinion, we observed "Defendant was convicted pursuant to count 2 of violating section 245, subdivision (b), 'assault with a semi-automatic firearm.'  The abstract of judgment described the conviction in abbreviated fashion as 'aslt w/semi/auto rifle on pers.'  Both parties agree, as do we, that the abstract of judgment should be corrected to accurately describe the conviction." (*Kittles I*, *supra*, A154955.)  Accordingly, we remanded the matter "to allow the trial court to exercise the discretion afforded it under Senate Bill No. 1393 (2017–2018 Reg. Sess.) and to issue an amended abstract of judgment to indicate defendant was convicted in count 2 of violating section 245, subdivision (b), assault with a semi-automatic firearm (and to also indicate any change in sentence if the court so exercises its discretion under Sen. Bill No. 1393 (2017–2018 Reg. Sess.))." (*Ibid.*)

On remand, in addition to requesting that the court strike the enhancement for his serious felony conviction, defendant sought reconsideration of his entire sentence based on recent changes to sentencing laws and "previously unpresented information about the conduct underlying [his] strike prior" and his efforts towards rehabilitation.

The trial court struck the section 667, subdivision (a)(1) five-year enhancement, and otherwise reimposed the previous sentence, for an aggregate term of 21 years.  The abstract of judgment was not corrected.

# DISCUSSION

Defendant maintains the trial court erred in not choosing an offense other than attempted murder as the principal term when it resentenced him. He asserts the court abused its discretion under amended section 654 by not "impos[ing] sentence on a lesser offense and stay[ing] sentence on the count with the greatest term of imprisonment."

Amended section 654 provides in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a).) At the time of defendant's initial sentencing, "section 654, former subdivision (a) required that a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term. (Stats. 1997, ch. 410, § 1.) Effective January 1, 2022, Assembly Bill 518 amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to 'be punished under either of such provisions.' (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.) Thus, under newly amended section 654, a trial court is no longer required to punish under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379. . . .) Section 654 'now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' (*Mani, supra*, at p. 379.)" (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.)

4

"The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.)

Defendant asserts the "present trend in felony sentencing in California is to acknowledge more factors which mitigate against the extremely long sentences which have been in vogue for about the last three decades." He maintains his sentencing memo "set forth a compelling case for a shorter sentence, outlining his personal history and the significant efforts he has made through classes and programs toward his rehabilitation and the reduction of the risk of future crime."

Defendant's sentencing memo indicated he had earned his high school diploma while in county jail and had "[a]ttended" or "[p]articipated" in certain classes and lecture series. He also completed a 98-hour parenting class and a 96-hour anger management class. Additionally, he participated in the "Mentoring Men's Movement," a "community re-entry organization focusing on providing positive male role models. . . ."

At the resentencing hearing the court indicated it had considered defendant's "conduct while incarcerated," the new statute, and "thought long and hard about this." The court exercised its discretion "to not impose the five-year sentencing prior so that his total aggregate sentence would then be reduced from 26 years to 21 years. All other sentencing calculations would be the same."

The court addressed defendant's claim that he should receive "a term lower than 20 years pursuant to Penal Code section 1385 both based on his

5

programming efforts as well as the age he was at the time that he suffered his strike convictions." The court specifically recognized since "the time that the court initially pronounced judgment[,] the legislature has made a number of changes to the criminal law in California. Most notably [section] 1385 has been amended to state clear legislative preference for not imposing more than one enhancement and for not exceeding 20 years. [¶] There is an important proviso, however, in that if the court believes that the public safety as defined by the statute would be compromised, judges on sentencing have the discretion to go past 20. . . ." The court considered both the "new statute [and] . . . a number of other provisions where the legislature has clearly indicated that it's overall goal is to reduce the length of many sentences while giving judges the opportunity to depart upwards . . . [and] decline to adopt this 20-year limitation based on public safety."

The court further explained "I think that releasing him sooner than what I've stated . . . wouldn't be in the public safety, which is a physical injury or other serious danger to others based on his demonstrated conduct that came out during trial. [¶] Not only shooting the gentleman several times, but by the fact that there were unexpended cartridges in the street that had firing pin impressions upon them that indicated an attempt to fire even more shots."

In sum, the trial court carefully considered the facts in this case and the "present trend in felony sentencing in California," and struck the enhancement for a prior serious felony, reducing defendant's sentence by five years. Defendant has failed to show the trial court abused its discretion by not further reducing his sentence.

## DISPOSITION

The matter is remanded, and the trial court is ordered to correct the abstract of judgment to reflect that pursuant to count 2 defendant was convicted of assault with a semi-automatic firearm, and to forward a corrected copy of the abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Swope, J.*










**Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.




A165979, People v. Kittles

8